IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DARRELL RAY MORRIS, # K6908**                                                   **PETITIONER**

**v.**                                                                    **CAUSE NO. 1:24-cv-29-TBM-RPM**

**UNITED STATES**                                                                  **RESPONDENT**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner Darrell Ray Morris filed this Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2241. He is presently incarcerated with the Mississippi Department of Corrections ("MDOC"), and he attacks a federal conviction and future sentence. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### I. BACKGROUND

On February 1, 2024, Morris filed the instant habeas Petition challenging his conviction and sentence handed down from this Court for violating his supervised release. In 2013, Morris was originally convicted in this Court of being a felon in possession of ammunition. *United States v. Morris*, 1:12-cr-49 (S.D. Miss. June 28, 2013) (Judgment). Although he filed a 28 U.S.C. § 2255 Motion to Vacate challenging the original sentence, the Court denied his motion. *United States v. Morris*, 1:12-cr-49 (S.D. Miss. May 2, 2017). The Fifth Circuit Court of Appeals later denied his request for a certificate of appealability. *United States v. Morris*, No. 17-60346 (5th Cir. Sep. 13, 2017).

Subsequently, while out on supervised release, Morris was arrested in Jackson County, Mississippi on several state charges. He was then convicted of violating his federal supervised release and was sentenced, in 2020, to twenty-four months in the custody of the Bureau of Prisons,

to be served consecutively to his state sentences. *United States v. Morris*, 1:12cr49 (S.D. Miss. Dec. 16, 2020). Eventually, he was convicted in state court, and he was sentenced to a total of 30 years in MDOC, where he is currently held.

On November 17, 2023, Morris filed a Section 2255 Motion to Vacate his revocation sentence, arguing that the Court did not have the authority to order it to be served consecutively to his state sentences. *United States v. Morris*, 1:12cr49 (S.D. Miss. Dec. 4, 2023). District Judge Guirola denied the motion. *Id.* at 4-5.

Rather than appeal that decision, Morris brings the instant Petition under Section 2241. He argues that the Court did not have authority to order his revocation sentence to be served consecutively to is state sentences and that his original conviction violates the Second Amendment. Morris asks the Court to discharge him from future federal custody.

## II. DISCUSSION

**A. Section 2241 and the Savings Clause**

The Court considers whether Morris's claims may proceed under Section 2241. The Fifth Circuit has held that a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to Section 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to Section 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Morris argues that the Court should have ordered his sentence to run concurrently and that his original conviction violates the Second Amendment. These arguments do not challenge the execution of his federal revocation sentence but instead attacks the validity of his sentence. In fact, Morris admits that he "is challenging [the] validity of [his] conviction and sentence. This is not a B.O.P. matter but a matter for the Court." [1], p. 2. Therefore, the claims are not properly pursued in a Section 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). The "inadequate or ineffective" requirement is met "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 599 U.S. 465, 478, 143 S. Ct. 1857, 1868, 216 L. Ed. 2d 471, 486 (2023). Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective to test the legality of his detention. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Here, Morris alleges that Section 2255 is inadequate because his previous Section 2255 motion was denied as untimely. He additionally argues that *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), sets forth "new guidelines . . . dealing with the Second Amendment." [1], p. 7.

First, the Section 2255 remedy is not rendered ineffective simply because it is time-barred or has already been denied. *Pack*, 218 F.3d at 452. Even the "inability to meet [the] 'second or successive' requirement, does *not* make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d

3

876, 878 (5th Cir. 2000). Second, even though *Bruen* articulated and provided more detail as to the proper test for lower courts to use concerning Second Amendment cases, Morris does not explain why he cannot avail himself of the successive writ procedure set forth in 28 U.S.C. § 2255(h). *Jones*, 599 U.S. at 477 (holding Section 2241 should not be used to avoid the successive writ requirements of Section 2255(h)); *Reid v. Garza*, No. 1:23-cv-2134, 2024 U.S. Dist. LEXIS 10569 at *9 (M.D. Pa. Jan. 18, 2024) (relying on *Jones* to hold petitioner could not avoid successive writ requirements to raise *Bruen* challenge in a Section 2241 petition). He has not justified use of the savings clause in this case.

Since Morris's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed under Section 2241. *Garza v. Garland*, No. 3:23-cv-3149-HTW (S.D. Miss. Mar. 19, 2024) (holding petitioner's *Bruen* challenge to his federal firearms conviction did not satisfy savings clause); *Taylor v. Garland*, No. 3:24-cv-43-TSL, 2024 U.S. Dist. LEXIS 45060 at *3 (S.D. Miss. Mar. 14, 2024) (same); *Reid*, 2024 U.S. Dist. LEXIS 10569 at *9 (same); *Clinton v. Bowers*, No. 2:23-cv-2548, 2023 U.S. Dist. LEXIS 232721 at *8 (W.D. Tenn. Sep. 26, 2023) (same). Accordingly, the Section 2241 claims are dismissed with prejudice as frivolous. *Pack*, 218 F.3d at 454 (modifying district court disposition to show dismissal of Section 2241 claim is with prejudice).

B. Section 2255

The Court next considers whether to construe the Petition as a Section 2255 motion to vacate. To the extent the Petition can be construed as a Section 2255 motion to vacate, it constitutes a successive motion. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Section 2244 provides that, "Before a second or successive application permitted by this section is filed in the district court, the applicant

4

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Since Morris does not demonstrate that he has obtained the Fifth Circuit's permission to proceed on a successive motion to vacate, any Section 2255 claim will be dismissed without prejudice for lack of jurisdiction. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Pack*, 218 F.3d at 454 (modifying district court disposition to show dismissal of Section 2241 claim is with prejudice but any Section 2255 claim is without prejudice).

### III. CONCLUSION

To conclude, Morris's claims are not properly before the Court. Morris cannot bring his claims under Section 2241, and he did not get the Fifth Circuit's permission to file a successive Section 2255 motion.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed. The 28 U.S.C. § 2241 claims are dismissed with prejudice as frivolous.

**IT IS FURTHER ORDERED AND ADJUDGED** that any 28 U.S.C. § 2255 claims are dismissed without prejudice for lack of jurisdiction. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

THIS, this the 16th day of July, 2024.

                                                              TAYLOR B. McNEEL
                                                              UNITED STATES DISTRICT JUDGE